Nathan C. Volheim
Attorney Email Address: nvolheim@sulaimanlaw.com
SULAIMAN LAW GROUP
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-3056
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Rebecca A. Rivers, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.** |
| Pegar Investments, LLC | **2. VIOLATIONS OF ARIZONA CONSUMER FRAUD ACT, ARS §44/1522 *et seq.*** |
| Defendant. | **3. INVASION OF PRIVACY** |
| | **4. TRESSPASS TO CHATTELS** |
| | **5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes REBECCA A. RIVERS ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of PEGAR INVESTMENT, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act under 47 U.S.C. §227 et seq.,  Arizona Consumer Fraud Act ("ACFA") under ARS §44/1522 *et*

*seq.,* as well as for Invasion of Privacy ("IOP") , Trespass to Chattels ("TTC"), and  Intentional Infliction of Emotional Distress ("IIED"),  stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in the state of Arizona,  conducts business in the District of Arizona and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Arizona.

### PARTIES

4.   Plaintiff is a consumer over 18 years-of-age residing in Glendale, Arizona, which is within the District of Arizona.

5.   Defendant is a limited liability company organized under the laws of Arizona with its principal place of business located at 5201 West Glendale Avenue, #2, Glendale, Arizona 85301.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7.   Prior to the conduct giving raise to these claims, Plaintiff financed the purchase of a 2004 Mitsubishi Galant through Defendant ("subject automobile").

8.   Plaintiff has been up to date on her payments for the last two years; however, due to financial difficulty stemming from the COVID-19 pandemic, Plaintiff began occasionally falling behind on her scheduled payments to Defendant.

9.  Plaintiff subsequently began receiving relentless and persistent calls from Defendant to her cellular phone number. (480) XXX-3584, attempting to collect the past due payments ("subject consumer debt").

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3584.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11.  Defendant has primarily used the phone number (623) 937-0945 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

12.  Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activities.

13. If Plaintiff was only a day late on her payments, Defendant harassingly bombards Plaintiff with collection activity including, but not limited to: placing repeated and relentless calls to her cellular phone, including back to back phone calls mere minutes apart, as well as leaving long voice messages detailing Plaintiff's personal and sensitive information.

14. Even as Plaintiff attempted to get current on the subject debt through payments, Defendant would follow up such payments with further harassing phone calls seeking further payment.

15. Upon answering Defendant's phone calls, Plaintiff would experience a noticeable pause, lasting several seconds in length, before being connected with a live representative.

16. Due to the harassing nature of Defendant's collection campaign, Plaintiff demanded on numerous occasions that Defendant cease calling her cellular phone.

17.  Rather than adhere to Plaintiff's demands, Defendant intentionally continued to place repeated and persistent phone calls and voice messages to Plaintiff's cellular phone.

18. Defendant has frequently placed multiple calls per day to Plaintiff's cellular phone, notwithstanding her demands that it stop contacting her cellular phone.

19. Plaintiff has received dozens of phone calls from Defendant since demanding that it stop contacting her.

20. In addition to the harassing and repetitious phone calls, Defendant further engaged in deceptive and unfair conduct in its conversations with Plaintiff.

21. Specifically, around Thanksgiving 2020, Defendant contacted Plaintiff and stated that unless Plaintiff made payment, Defendant would call the police and report that the subject automobile was stolen.

22. Plaintiff became severely emotionally distressed as a result of Defendant's representation, as she believed she would be sought by the police for nonpayment on the subject debt.

23. Defendant's conduct directed towards Plaintiff, including its decision to make such a baseless threat around the holidays, underscores the outrageous and highly offensive nature of its conduct.

24. Frustrated, distressed, confused, and upset over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her  telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, diminished space for data storage on her cellular phone and emotional distress stemming from the false belief she could be criminally charged, and a violation of her state and federally protected interests to be free from harassing debt collection conduct

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and alleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continuing to contact Plaintiff after he demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

30. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

31. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him. Plaintiff received *dozens of* phone calls and after she asked Defendant to cease contacting him.

32. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, REBECCA A. RIVERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

      a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

      b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

      c. Awarding Plaintiff costs and reasonable attorney fees;

      d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

      e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ARIZONA CONSUMER FRAUD ACT

34. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

35. Defendant's collection calls to Plaintiff constitute "unlawful practice" as defined by ARS §44-1522 of the ACFA.

36. The ACFA states:

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. Ariz. Rev. Stat. Ann. § 44-1522

37. Defendant violated ARS §44-1522 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was inherently deceptive and unfair for Defendant to falsely threaten to call the police and report the subject automobile as stolen. Defendant intended that Plaintiff rely on this representation and make payment. Defendant's conduct proximately caused Plaintiff sever emotional distress.

WHEREFORE, Plaintiff, REBECCA A. RIVERS, respectfully requests that the Arbitrator enter judgment in her favor as follows:

   a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b.   Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

   c.   Awarding Plaintiff costs and reasonable attorney fees;

   d.   Enjoining Defendant from further contacting Plaintiff; and

   e.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

38. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

39. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

40. Defendant's persistent and unwanted phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

41. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

42. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's harassing phone call campaign.

43. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff was located when Defendant was placing its calls.

44. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into payment, Defendant gave Plaintiff no reasonable escape from its incessant calls.

7

45. As detailed above, by persistently contacting Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected, and caused Plaintiff to suffer concrete and particularized harm.

46. Defendant's relentless collection efforts and tactic of repeatedly calling Plaintiff's cellular phone after she requested that these calls cease is highly offensive to a reasonable person.

47. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous unconsented phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, REBECCA A. RIVERS, respectfully requests that Arbitrator enter judgment in her favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.  Awarding Plaintiff actual damages;

    c.  Award Plaintiff punitive damages;

    d.  Award Plaintiff  reasonable attorney's fees and costs;

    e.  Enjoining Defendant from contacting Plaintiff; and

    f.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV-TRESPASS TO CHATTELS

48. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

49. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

50. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

51. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

52. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

53. Defendant further deprived Plaintiff's phone of storage space through the persistent and length voice mail messages it would leave Plaintiff.

54. Defendant barraged Plaintiff with numerous phone calls after she made demands that the calls stop, including multiple phone calls on the same day, leaving her unable to use or possess her cellular phone in the manner in which she wanted to during such time.

55. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff repeatedly stated that Defendant must cease contacting her.

56. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to her cellular phone, the loss of battery charge, the loss of battery life, and the diminished space for storage given Defendant's placement of voicemail messages to Plaintiff's phone.

57. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

WHEREFORE, Plaintiff, REBECCA A. RIVERS, respectfully requests that the Arbitrator enter judgment in her favor as follows:

a.  Enter judgment in favor of Plaintiff and against Defendant;

b.  Award Plaintiff actual damages in an amount to be determined at trial;

c.  Award Plaintiff punitive damages in an amount to be determined at trial;

d.  Enjoining Defendant from contacting Plaintiff;

e. Award any other relief this Honorable Court deems equitable and just

### COUNT V-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

59. To state a claim for intentional infliction of emotional distress, a Plaintiff must allege (1) the Defendant acted intentionally or recklessly; (2) the Defendant's conduct was extreme and outrageous; (3) the conduct caused the Plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

60. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon the Plaintiff into making payments on the subject debt via intrusions, threats and, harassment carried out through phone calls and voice mail messages to Plaintiff's cellular phone. Specifically, Defendant intentionally and/or recklessly threatened to call the police and say that the subject automobile was stolen, even though it was not. The fact Defendant's phone call came during the holidays accentuates the outrageous and extreme nature of its conduct.

61. Defendant knew that its relentless phone calls and threats of criminal prosecution would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

62. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

63. Defendant caused Plaintiff to suffer from severe emotional distress, both by way of endless phone calls at all hours of the day, as well as through its blatantly false threats of criminal prosecution, in an attempt to coerce Plaintiff into making a payment.

64. Plaintiff became severely distressed that she would be criminally prosecuted in connection with the subject debt, when in fact she could not.

65. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

66. Defendant's intentionally and/or recklessly conduct caused severe emotional distress to Plaintiff.

67. As stated above, Plaintiff has suffered damages from Defendant's outrageous conduct.

WHEREFORE, Plaintiff, REBECCA A. RIVERS, respectfully requests that the Arbitrator enter judgment in her favor as follows:

a.  Enter judgment in her favor and against Defendant;

b.  Award Plaintiff her actual damages in an amount to be determined at trial;

c.  Award Plaintiff punitive damages in an amount to be determined at trial; and

d.  Award any other relief this Honorable Court deems equitable and just.

Dated: March 8, 2021                    Respectfully submitted,

By: /s/ Nathan C. Volheim
*Pro Hac Vice Application Pending*
Nathan C. Volheim
SULAIMAN LAW GROUP, LTD
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 568-3056
Facsimile: (630) 575-8188
Email: nvolheim@sulaimanlaw.com