**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca A Rivers, | No. CV-21-00396-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Pegar Investments LLC, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Compel Arbitration and Motion for Stay (Doc. 11). Plaintiff has filed a response (Doc. 12) and Defendant replied (Doc. 13). After consideration of the pleadings and relevant case law, the Court will deny the motion.

**I.    BACKROUND**

Plaintiff financed the purchase of her personal automobile through Defendant. Addendum No. 2 to the vehicle sales contract included an arbitration agreement. (Doc. 11, p. 6) Due to financial hardship stemming from the COVID-19 pandemic, Plaintiff fell behind on her scheduled payments to Defendant. Plaintiff alleges that Defendant began calling her cell phone relentlessly. (Doc. 1, p.3) Plaintiff also alleged that Defendant threatened to call the police and report that the subject vehicle was stolen and that this caused Plaintiff to suffer severe emotional distress. (Doc. 1, p. 4).

On December 8, 2020, Plaintiff filed a Demand for Arbitration with the AAA for damages against Defendant, in compliance with the arbitration provision. Plaintiff paid

her filing fee and AAA sent correspondence to Defendant advising it of the fees due. Defendant never paid the fees to AAA and on March 3, 2021, the parties received a letter from the AAA via email informing them that the AAA was declining to administer Plaintiff's claim because Defendant had failed to comply with the AAA's policies. Plaintiff then filed a Complaint in this Court on March 8, 2021 alleging: Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 Et Seq; Violations of Arizona Consumer Fraud Act, A.R.S. § 44-1522 Et Seq.; Invasion of Privacy; Trespass to Chattels; and Intentional Infliction of Emotional Distress.

## II.   LEGAL STANDARD

Section 2 of the Federal Arbitration Act ("FAA") provides that "[a] written agreement to arbitrate 'in any maritime transaction or a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) (quoting 9 U.S.C. § 2). The FAA reflects a "congressional declaration of a liberal federal policy favoring arbitration," id., and "courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms," AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (internal and external citation omitted). Indeed, "the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985)); Republic of Nicar. v. Standard Fruit Co., 937 F.2d 469, 478 (9th Cir. 1991) ("Our role is strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator.").

"The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron, 207 F.3d at 1130. "If the court finds that an arbitration

clause is valid and enforceable, the court should stay or dismiss the action to allow the arbitration to proceed." Kam–Ko Bio–Pharm Trading Co. Ltd–Australasia v. Mayne Pharma (USA) Inc., 560 F.3d 935, 940 (9th Cir. 2009) (citing Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1276-77 (9th Cir. 2006) (en banc)).

Section 4 of the FAA, which governs petitions to compel arbitration, provides in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (emphasis added).

"[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. But "[i]f the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." Id.

### III.   DISCUSSION

The parties do not dispute that there was a valid arbitration agreement. However, Plaintiff argues that she attempted arbitration, but AAA declined to administer her claim due to no fault on her part. Because she did not fail, neglect, or refuse to arbitrate, she should not be compelled to go back to arbitration. Defendant argues that Plaintiff failed to comply with the terms of the arbitration agreement because she failed to provide the agreement to AAA. The arbitration agreement provided that the fees would be split between the parties. As a result of Plaintiff's failure, AAA assessed all the arbitrator's compensation to Defendant instead of splitting it.

After review of the exhibits, it appears that both parties are right in some sense. However, Defendant presented no correspondence to show that it advised AAA that the

fees should be split or that it contacted Plaintiff to discuss splitting the fees. Instead, Plaintiff responded that it would be sending payment but never did. (Doc. 12-5)

The FAA does not require the Court to return parties to arbitration once Defendant has defaulted by failing to pay required fees. Sink v. Aden Enterprises, Inc., 352 F.3d 1197, 1200 (9th Cir. 2003) In this case, Defendant failed to pay the required fee or raise the issue with AAA and has lost its right to compel arbitration.

## IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** denying Defendant's Motion to Compel Arbitration and Motion for Stay (Doc. 11).

**IT IS FURTHER ORDERED** that Defendant must file an Answer no later than **October 20, 2021**.

Dated this 6th day of October, 2021.

Honorable Susan M. Brnovich
United States District Judge